UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| NANCY DOWD LUMAGHI, *individually and as Personal Representative of the Estate of Peter Lumaghi*, <br><br> Plaintiff, <br><br> vs. <br><br> COVIDIEN LP, *et al.*, <br><br> Defendants. | Case No. 4:21-cv-01311-MTS |

**MEMORANDUM AND ORDER**

This matter is before the Court on review of the file. The Court finds that Defendants have failed to establish this Court's subject matter jurisdiction. *See Bueford v. Resol. Tr. Corp.*, 991 F.2d 481, 485 (8th Cir. 1993) (noting lack of subject matter jurisdiction "may be raised at any time by a party to an action, or by the court *sua sponte*"); *Baker v. Martin Marietta Materials, Inc.*, 745 F.3d 919, 923 (8th Cir. 2014) (noting "party seeking removal has the burden to establish federal subject matter jurisdiction"). Defendants removed this case from the Missouri Circuit Court asserting that this Court has original jurisdiction of this action based on diversity jurisdiction under 28 U.S.C. § 1332(a). Doc. [1] ¶ 7. To have diversity jurisdiction under § 1332(a), besides the amount in controversy exceeding $75,000, the plaintiff must be diverse from all defendants in such a way that "no defendant is a citizen of the same state as any plaintiff." *Wilkerson v. Mo. Dep't of Mental Health*, 279 F. Supp. 2d 1079, 1080 (E.D. Mo. 2003). But Defendants' Notice of Removal does not establish the citizenship for all parties. Defendants have not stated the citizenship of the members of the named limited liability company. *See GMAC Com. Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir.

2004) (holding, for diversity jurisdiction purposes, an LLC's citizenship is the citizenships of all its members).

Besides the missing information regarding the citizenship of all the parties, Defendants also were required to prove the parties were diverse "both when the plaintiff initiate[d] the action in state court and when the defendant file[d] the notice of removal in federal court." *Chavez-Lavagnino v. Motivation Educ. Training, Inc.*, 714 F.3d 1055, 1056 (8th Cir. 2013); *accord Reece v. Bank of N.Y. Mellon*, 760 F.3d 771, 777 (8th Cir. 2014) (finding removal defective because defendant's notice failed to specify party's citizenship "when the suit was commenced"). Defendants did not do so. If Defendants can establish this Court's jurisdiction, Defendants must file an Amended Notice of Removal to fix the jurisdictional defects the Court has identified herein. S*ee City of St. Louis v. Bindan Corp.*, 295 F.R.D. 392, 395 (E.D. Mo. 2013).

Accordingly,

**IT IS HEREBY ORDERED** that Defendants shall file an Amended Notice of Removal within seven (7) days of the date of this Order.

Dated this 9th day of November, 2021.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE