**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI**

NANCY DOWD LUMAGHI, Individually
and as Personal Representative of the Estate
of PETER LUMAGHI, Deceased

Plaintiff,

v.

COVIDIEN LP,
COVIDIEN SALES LLC,
COVIDIEN HOLDING INC.,
and MEDTRONIC, INC.,

Defendants.

Case No. 4:21-cv-01311-MTS

**AMENDED MOTION FOR APPROVAL OF CONTINGENT
WRONGFUL DEATH SETTLEMENT**

COMES NOW, Plaintiff Nancy Dowd Lumaghi, Individually and as Personal Representative of the Estate of Peter Lumaghi, Deceased, pursuant to R.S.Mo. § 537.095, and hereby moves this Court for approval of the contingent wrongful death settlement between Plaintiff and Defendants Covidien LP, Covidien Sales LLC, Covidien Holding Inc. and Medtronic, Inc ("Defendants").  In support, Plaintiff states as follows:

1.	Plaintiff Nancy Lumaghi is the surviving spouse of Peter Lumaghi, deceased, and the named Plaintiff in this wrongful death action.

2.	In this action, Plaintiff alleges that decedent Peter Lumaghi was injured and died as a result of Defendants' defective surgical stapler.  Defendants deny any and all liability for injuries to, or the death of, Decedent or Plaintiff for their alleged damages.

3.	Plaintiff has employed the legal services of Ferrer Poirot Feller, Nachawati Law Group, Faraci Lange, Searcy Denney Scarola Barnhart & Shipley, PA, Dowd & Dowd, and

1

Holland Law Firm to assist in the prosecution of the above-captioned cause of action and have advised Plaintiff accordingly.

4.      Plaintiff's counsels have fully investigated the facts and circumstances with reference to the alleged events and also with reference to the death of Decedent and, after being fully advised by their attorneys of their rights to settle this claim or proceed thereon, Plaintiff understands that liability and the amount of damages were and are contested and that considering all of the facts and circumstances, Plaintiff is of the opinion that it is in the best interest of all persons who may be entitled to sue and recover damages for the alleged wrongful death of Decedent to settle this claim.

5.      Plaintiff's attorneys have negotiated with Defendants' attorneys with a view toward settlement, and Defendants have indicated that they will agree to pay the consideration shown in the confidential Settlement Agreement Releases negotiated by the parties, in full settlement of all claims, demands, and damages known or unknown against Defendants if the contingencies in the Master Settlement are met. In this regard, the parties have entered into a contingent Confidential Settlement Agreement and Release in the instant case, which has been submitted to the Court as part of a pending Amended Motion for Sealing and Amended Memorandum in Support filed simultaneously herewith.

6.      Plaintiff's counsels have entered into a Master Settlement Agreement with Defendants that includes this case and other cases.  The Master Settlement Agreement states settlement of this case (and all other matters included in the Master Settlement Agreement) is contingent upon the settlement of all matters included in the Master Settlement Agreement, including this case.  Pursuant to the Master Settlement Agreement, Defendants have the option to

2

terminate the settlement of all the cases (including this case) if Plaintiff's counsels do not ensure full participation of all claimants contained in the Master Settlement Agreement.

7.     Having taken into consideration the expense, delay, and uncertainties of litigation, Defendants have agreed to pay Plaintiff a certain confidential sum in full compromise, settlement, discharge, and satisfaction of any and all claims, demands, and causes of action which Plaintiff have or may have against Defendants by reason of the injuries to or death of Decedent and Plaintiffs' alleged damages.

8.     Plaintiff believes that the aforementioned compromise settlement is fair and reasonable, and Plaintiff and her attorneys represent and state the same to the Court.

9.     Plaintiff now seeks the Court's approval of this proposed resolution in accordance with R.S.Mo. Section 537.095.

10.     Section 537.095(1) requires court approval of wrongful death settlements when there are two or more persons entitled to sue for and recover those damages.  R.S.Mo. § 537.095(1). The Court is to identify the total settlement that is approved and to apportion the amount among those persons entitled thereto in proportion to the losses suffered as determined by the Court. Section 537.095(3).  Furthermore, the Court shall order the claimant to collect the payment, deduct and pay the expenses of recovery and attorneys' fees as contracted, acknowledge satisfaction, distribute the net proceeds as ordered, and to report and account thereof to the court if so ordered. Section 537.095(4).

11.     Under Missouri law, decedent's surviving spouse, surviving children, surviving lineal descendants of any deceased children, and the father or mother of the decedent have a right to pursue a wrongful death action and share in the recovery.  R.S.Mo. Section 537.080.1(1).

3

12.     In addition to plaintiff Nancy Lumaghi, the surviving spouse, Laura Lumaghi is the surviving daughter of Peter Lumaghi, deceased.

13.     Alex Lumaghi is the surviving son of Peter Lumaghi, deceased.

14.     Other than Nancy, Laura, and Alex, there are no other beneficiaries under Missouri wrongful death law relevant to this wrongful death claim of decedent Peter Lumaghi.

15.     Plaintiff has entered into a settlement agreement with Defendants to resolve all claims pending herein including for the alleged wrongful death of Peter Lumaghi, deceased.

16.     The legal beneficiaries, Nancy, Laura, and Alex, are all in agreement with this Motion, they have agreed on how they wish for the proceeds to be split, and seek this Court's approval accordingly.

17.     The amount and details of the settlement for which Plaintiff is seeking this Court's approval has been submitted to the Court as part of a pending Amended Motion for Sealing and Amended Memorandum in Support filed simultaneously herewith.

18.     Plaintiff submits the attached Affidavit identifying all legal beneficiaries and attesting to her belief that this settlement, including the attorney's fees and costs, to be fair and reasonable under the circumstances, and requests that the Court approve the same. (Exhibit A, Affidavit of Nancy Lumaghi).

19.     The legal beneficiaries, Nancy, Laura, and Alex, have agreed on how they wish for these settlement proceeds to be split and ask this Court to issue an Order consistent with their agreement.  (Ex. B, Allocation Agreement).

20.     In accordance with Missouri Statue 537.095.4, Plaintiff requests that the Court approve this contingent wrongful death settlement, order claimant to collect and receipt for the payment of the settlement award if all contingencies are met, to deduct and pay the case costs and

4

attorneys' fees as contracted and as referenced above, to acknowledge satisfaction of this recovery, to distribute the net proceeds as ordered by the court, and to report and account therefor to the Court if necessary in the Court's discretion.

21.     Plaintiff submits the attached Proposed Order reflecting the agreements of the beneficiaries and specifying the relief sought by this Motion.

22.     Plaintiff and Defendants agree that each party shall bear their own costs, expenses, and attorneys' fees.

23.     Plaintiff and all beneficiaries understand that if the Court approves the settlement that they are forever barred from recovery from Defendants related to injuries to and/or the death of Decedent.

24.     Plaintiff waives a jury trial and right to appeal and agree to file a Stipulation of Dismissal with Prejudice upon approval and payment.

WHEREFORE, Plaintiff respectfully requests that this Court grant this Motion conditionally approving the wrongful death settlement as set forth herein, and for any further relief deemed just and proper.

Respectfully Submitted

*/s/ Patrick R. Dowd*
Patrick R. Dowd – Bar #: 64820MO
HOLLAND LAW FIRM, LLC
211 N. Broadway, Suite 2625
St. Louis, MO 63102
Tel: 314-241-8111
Fax: 314-241-5554
Email: pdowd@hollandtriallawyers.com

And

5

*/s/ Ellen A. Presby*

Ellen A. Presby
FERRER, POIROT, WANSBROUGH
FELLER, DANIEL
2603 Oak Lawn Avenue, Suite 300
Dallas, TX 75219
Tel: 214-521-4412
Email: epresby@lawyerworks.com

*Admitted Pro Hac Vice*

**COUNSEL FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing is being filed using the Court's CM/ECF system this 25th day of June, 2026, which will automatically serve a copy to all known counsel of record via electronic mail.

*/s/ Patrick R. Dowd*

Patrick R. Dowd, # 64820MO

6