# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MISSOURI

NANCY DOWD LUMAGHI, Individually
and as Personal Representative of the Estate
of PETER LUMAGHI, Deceased

Plaintiff,

v.

COVIDIEN LP,
COVIDIEN SALES LLC,
COVIDIEN HOLDING INC.,
and MEDTRONIC, INC.,

Defendants.

Case No. 4:21-cv-01311-MTS

**AMENDED [PROPOSED] ORDER**

Before the Court is Plaintiff's Amended Motion for Approval of Contingent Wrongful Death Settlement [Doc 203]. The Court, being duly advised of the premises, in consideration of the Motion, Plaintiff Nancy Dowd Lumaghi's sworn testimony, supporting exhibits, and hearing on this matter including the Court's review of the Settlement Agreement and Release of all Released Claims to be signed by Plaintiff and the Settlement Award Breakdown, hereby GRANTS Plaintiff's Amended Motion for Approval of Contingent Wrongful Death Settlement.

Missouri law requires court approval of a wrongful death settlement. R.S.Mo. § 537.095.1. To obtain court approval, a plaintiff must demonstrate that she or he has diligently attempted to notify all parties who have a legal right to pursue the wrongful death action under Section 537.080, and show that the amount of the settlement is fair and reasonable under the circumstances. *See id.*; Section 537.080.1. If satisfied, the court is to state the total settlement approved, apportion the award to the legal heirs, order the deduction and payment of litigation expense and attorneys' fees as contracted or otherwise found to be fair and equitable, order the payment and distribution of the

net proceeds, and require a reporting and accounting of the award in the court's discretion. Section 537.095.3, Section 537.095.4.

The Court finds that Plaintiff has demonstrated that the settlement complies with the law's requirements.  Plaintiff has identified and given notice to all legal beneficiaries entitled to pursue this wrongful death claim. The Court acknowledges the Allocation Agreement [Doc 203-2] executed by all of the legal heirs demonstrating how they wish for the net proceeds to be split amongst them and have requested that the Court adopt the same.  The Court also acknowledges the Settlement Agreement and Release of all Released Claims, and Settlement Award Breakdown which identifies the proposed total gross award, attorneys' fees, litigation expenses, medical lien holdback, and net recovery filed with Plaintiff's Second Amended Motion to Seal.  Plaintiff has submitted to the Court and testified that she believes the Settlement Agreement and Release of all Released Claims to be signed by Plaintiff, along with the total settlement award, litigation expenses, attorneys' fees and other proposed distributions set forth in the Settlement Award Breakdown are fair and reasonable and asks the Court to approve the same.  The Court finds the Settlement Agreement and Release of all Released Claims to be signed by Plaintiff, the total settlement award, litigation expenses, and attorneys' fees set forth in the Settlement Award Breakdown to be fair and reasonable under the circumstances.

Accordingly, if the Plaintiff and Defendants agree to final settlement based all contingencies, and based on the terms presented to this Court, it is hereby ORDERED:

That Plaintiff's Amended Motion for Approval of Contingent Wrongful Death Settlement is Granted;

That the Court acknowledges and approves the total amount of the settlement that was submitted to the Court in the Settlement Award Breakdown;

That the Court acknowledges and approves the Settlement Agreement and Release of all Released Claims to be signed by Plaintiff;

That Plaintiff is authorized to execute all documents necessary to finalize this settlement, including the Settlement Agreement and Release of all Released Claims submitted to the Court, and shall file a dismissal of all claims with prejudice after payment of the settlement proceeds;

That the attorneys' fees and litigation expenses set forth in the Award Breakdown are to be collected and deducted from the total settlement award;

That the medical liens asserted on the claim are to be paid out of the settlement award;

That 100% of the net proceeds are to be paid and distributed to Plaintiff;

That Plaintiff is to acknowledge satisfaction of the settlement followed by a dismissal with prejudice of all claims;

Each party shall bear their own costs, expenses, and attorneys' fees; and

That Plaintiff is to report and submit an accounting to the Court if further ordered in the Court's discretion.

_____                    _____
JUDGE MATTHEW T. SCHELP                              DATE